[Civil No. 4131. Filed April 1, 1940.]

[100 Pac. (2d) 987.]

NEW YORK LIFE INSURANCE COMPANY, a Corporation, Appellant, v. REBECCA GREBER, Appellee.

Messrs. Ellinwood & Ross, Mr. Joseph S. Jenckes, Jr., and Mr. Everett M. Ross, for Appellant.

Mr. Joseph H. Shifman and Mr. John W. Ross, for Appellee.

LOCKWOOD, J.—New York Life Insurance Company, a corporation, hereinafter called defendant, issued a policy of life insurance to one David Greber,

hereinafter called the insured, on April 14, 1925. By the terms of the policy defendant agreed to pay the sum of $1,000 upon receipt of due proof of the death of insured, or $2,000 "upon receipt of due proof that the death of the Insured before the maturity of the Endowment resulted directly and independently of all other causes from bodily injury effected solely through external, violent and accidental cause." The insured died on June 4, 1936, and defendant paid to Rebecca Greber, hereinafter called plaintiff, the sum of $1,000, which it admitted to be due on said policy, but refused to pay the $2,000 as above provided, whereupon plaintiff brought this suit. The case was tried to a jury which rendered a verdict in her favor, and an appeal was taken to this court.

■■ It is admitted by both parties that there is but one question before us, and that is whether there is sufficient evidence in the record to sustain a verdict that the death of insured "resulted directly and independently of all other causes from bodily injury effected solely through external, violent and accidental cause." Provisions of the kind which appear in the policy involved here, in regard to accidental death, are quite common of late years, and much litigation has arisen as to their proper interpretation. In this case, fortunately, counsel for plaintiff and defendant agree substantially as to the law, their difference being in its application to the evidence. The law applicable may be stated as follows: When double indemnity is claimed for an accidental death under a policy like that involved herein, it is incumbent upon the beneficiary to establish affirmatively and by a reasonable preponderance of the evidence that the death of the insured resulted from the specific cause of death set forth in the double indemnity clause. If the question is whether the death resulted solely from accidental

causes, the test is as follows: (a) When an accident causes a diseased condition which, together with the accident, results in death, the accident alone is considered the cause of death; (b) when at the time of the accident the insured was suffering from some disease, but such disease had no causal connection with the death resulting from the accident, the accident is the sole cause of the death, and (c) when at the time of the accident there was an existing disease which, cooperating with the accident, resulted in the death, the accident cannot be considered as the sole cause, independent of all other causes. The rule is clearly laid down in the case of *Cretney* v. *Woodmen Acc. Co.*, 196 Wis. 29, 219 N. W. 448, 62 A. L. R. 675, which counsel for plaintiff and defendant have both cited as correctly stating the law. We approve of the rule and consider the evidence in the light thereof.

It is admitted that some six years after the policy was issued the insured suffered from influenza, which was followed by an attack of pneumonia in February, 1932. Thereafter the insured developed bronchial asthma to such an extent that he applied for, and received to the time of his death, complete disability benefits which defendant had agreed to pay in case he became permanently disabled. About 1934 the insured also developed myocarditis which was followed by some edema in his legs and feet. On March 31, 1936, the insured was still suffering from these diseases, although he was considerably improved and was able to be up and around. On the day last mentioned he was involved in an automobile collision, and was found thereafter to be suffering from shock and marked contusion to his right chest wall, though no bones were fractured. He was taken to the hospital where he remained about fifteen days, when he was removed to his home for further treatment. While in the hospital

he expectorated blood for several days, and the right side of his entire body was discolored, black and blue, apparently from bruises. He was returned to the hospital on June 1st where he was found to be suffering with pneumonia, and remained there until his death on June 4th.

All of the testimony agrees that the proximate cause of the death of the insured was pneumonia, but the vital question is whether this pneumonia was induced solely by the accident, under rule (a) or (b), as set forth above, or whether it was caused by the accident, with the myocarditis and bronchial asthma as contributing causes, and thus fell under rule (c). In the one case, the plaintiff was entitled to recover; in the other she was not.

The answer to a question of this kind is obviously one that can be given only by expert medical witnesses, testifying as to their opinion in the matter, and three physicians did testify. We have carefully examined and compared the testimony of these physicians as found in the reporter's transcript. Since each case must stand upon its own facts it would be of no value as a precedent to set forth this evidence, either in full or summarized. It is sufficient to say that we are of the opinion, as a matter of law, that it did not sustain the burden of proof imposed upon the plaintiff to establish affirmatively by a preponderance of the evidence that the death of the insured was due solely to the accident, under the rules as set forth above.

The evidence, therefore, does not sustain the verdict and judgment, and the case is remanded for a new trial in accordance with the opinion expressed herein.

ROSS, C. J., and McALISTER, J., concur.